1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARAY D. WOODARD,                          No.  2:22-cv-0317 KJN P

12                 Plaintiff,

13        v.                                    ORDER

14   CPT. E. HOBBS, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner and is proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28

19   U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and

20   Local Rule 302.

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3    U.S.C. § 1915(b)(2).

4    Screening Standards

5          The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

27   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

28   . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2

1   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the

3   complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

4   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

5   U.S. 183 (1984).

6   Plaintiff's Allegations

7           Plaintiff alleges that while housed at Mule Creek State Prison, defendants failed to protect

8   plaintiff by continuing to house him on A yard, despite plaintiff's repeated objections that his life

9   was in danger due to an unpaid drug debt owed inmates on A Yard by plaintiff's brother, who

10  was transferred to a different prison.  The warden, Sgt. Bordewick and CCI Hightower found

11  plaintiff's safety risk claims to be "humorous and comicly joked amongst themselves about the

12  predicament" they were putting plaintiff in.  (ECF No. 1 at 4.)  Plaintiff asked them to investigate

13  his claims, but they refused, claiming plaintiff is "a big tuff guy," and then issued plaintiff a rules

14  violation report for refusing to accept assigned housing/delaying a peace officer.  (Id.)  Defendant

15  Bordewick told plaintiff it was his brother's fault, not theirs, so plaintiff was going to A yard.

16  When plaintiff again refused, he was issued a new ASU lock up order, and at the ICC, the warden

17  told plaintiff "I don't care what you say, I'm forcing you on to A yard."  (Id.)  After exiting the

18  committee room, defendant Peirce was there with a wheelchair and they physically forced

19  plaintiff into the wheelchair, restrained him with mechanical restraints and rolled him to A yard.

20          On A yard, plaintiff was in constant fear, and physically assaulted and extorted numerous

21  times.  On December 2, 2021, plaintiff was attacked by four inmates.  After the alarm finally

22  sounded, the attackers fled, but only one was caught.  Plaintiff continued to object that his life

23  was in danger if returned to A yard, but "they" remained indifferent, laughed and said he was

24  going to A yard, forged his name on a compatibility chrono and returned plaintiff to A yard.  At

25  3:15 p.m., plaintiff was released to use the phone and while talking to his mother, inmate Booker

26  stabbed plaintiff multiple times in the side of his neck.  After plaintiff was re-housed in the ASU,

27  defendant Bordewick came to plaintiff's cell and acknowledged that inmates tried to kill plaintiff

28  so plaintiff would have to be transferred.

3

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Warden Patrick Covello, Sgt. Bordewick and CCI Hightower for failing to protect plaintiff against known risks of harm if housed on A yard.  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants.  The claims against those defendants are dismissed with leave to amend.

Plaintiff names nine individuals as defendants, but included no charging allegations as to defendants Hobbs, Enos, Banks, Fenika, or Corralejo.  Moreover, plaintiff's claim that defendant Peirce was outside the committee room with a wheelchair, standing alone, is insufficient to demonstrate Peirce was deliberately indifferent to a known risk of harm to plaintiff.[1]

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Covello, Bordewick and Hightower and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Covello, Bordewick and Hightower, against whom he stated potentially cognizable claims for relief, then within thirty days he must indicate such election by returning the appended notice.  In this event the court will

---

[1]  A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate. . . safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).  Under an Eighth Amendment failure to protect claim, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842 (citations omitted).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and wellbeing of the prisoner.  Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4

1  construe plaintiff's election as consent to dismissal of all claims against the remaining defendants

2  without prejudice.

3      Plaintiff is advised that in an amended complaint he must clearly identify each defendant

4  and the action that defendant took that violated his constitutional rights.  The court is not required

5  to review exhibits to determine what plaintiff's charging allegations are as to each named

6  defendant.  The charging allegations must be set forth in the amended complaint so each named

7  defendant has fair notice of the claims plaintiff is presenting.

8      Any amended complaint must show the federal court has jurisdiction, the action is brought

9  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

10  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

11  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

12  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

13  of a constitutional right if he does an act, participates in another's act or omits to perform an act

14  he is legally required to do that causes the alleged deprivation).

15      A district court must construe a pro se pleading "liberally" to determine if it states a claim

16  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

17  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

18  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

19  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

20  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

21  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

22  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

23          A claim has facial plausibility when the plaintiff pleads factual
24      content that allows the court to draw the reasonable inference that the
        defendant is liable for the misconduct alleged. The plausibility
25      standard is not akin to a "probability requirement," but it asks for
        more than a sheer possibility that a defendant has acted unlawfully.
26      Where a complaint pleads facts that are merely consistent with a
        defendant's liability, it stops short of the line between possibility and
27      plausibility of entitlement to relief.

28  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

1  can provide the framework of a complaint, they must be supported by factual allegations, and are

2  not entitled to the assumption of truth.  Id. at 1950.

3      An amended complaint must be complete in itself without reference to any prior pleading.

4  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

5  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

6  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

7  pleading is superseded.

8      A prisoner may bring no § 1983 action until he has exhausted such administrative

9  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

10  Churner, 532 U.S. 731, 741 (2001).  Since June 1, 2020, the California prison grievance system

11  has two levels of review.  Cal. Code Regs. tit. 15, § 3483.  "Completion of the review process by

12  the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as

13  staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1)

14  through (g)(3) and (g)(8) through (g)(10) of this section constitutes exhaustion of all

15  administrative remedies available to a claimant within the department."  Cal. Code Regs. tit. 15, §

16  3485(l).

17      Accordingly, IT IS HEREBY ORDERED that:

18      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22  Director of the California Department of Corrections and Rehabilitation filed concurrently

23  herewith.

24      3.  Claims against defendants Hobbs, Enos, Banks, Fenika, Corralejo, and Peirce are

25  dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend

26  his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not

27  obliged to amend his complaint.

28      4.  The allegations in the pleading are sufficient to state potentially cognizable claims

against defendants Warden Patrick Covello, Sgt. Bordewick and CCI Hightower.  See 28 U.S.C.

§ 1915A.  If plaintiff elects to proceed forthwith as to such defendants, the court will issue an

order to the U.S. Marshal to execute service of process pursuant to Fed. R. Civ. P. 4.  Defendants

Covello, Bordewick and Hightower will be required to respond to plaintiff's allegations within

the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's

election to proceed forthwith as consent to an order dismissing his defective claims against

defendants Hobbs, Enos, Banks, Fenika, Corralejo, and Peirce without prejudice.

        5.  Failure to comply with this order will result in a recommendation that this action be

dismissed.

Dated:  February 28, 2022


KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wood0317.14o

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARAY D. WOODARD,                          No.  2:22-cv-0317 KJN P

12              Plaintiff,

13         v.                                    NOTICE OF ELECTION

14    CPT. E HOBBS, et al.,

15              Defendants.

16

17         Plaintiff elects the following in response to the court's February 2022 order:

18         _____ Plaintiff chooses to proceed solely as to his Eighth Amendment claims against

19    defendants Warden Patrick Covello, Sgt. Bordewick and CCI Hightower.

20         _____ Plaintiff consents to the dismissal of defendants Hobbs, Enos, Banks, Fenika,

21    Corralejo, and Peirce without prejudice.

22         **OR**

23         _____ Plaintiff opts to file an amended complaint and delay service of process.

24    DATED:

25

26                                    _____

27                                    Plaintiff

28